# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-2974
LT Case No. 2021-CA-046298

_____

SEAN GLEASON, DANIELLE
GLEASON, and GLEASON
LANDSCAPING, LLC,

     Appellants,

     v.

IFP DEVELOPMENT, LLC,
RICHARD J. KERN, P.E., R.K.
ENGINEERING AND ASSOCIATES
OF BREVARD, INC., FLORIDA 635,
LLC, ISLAND FOREST PRESERVE
HOA, INC., and MARONDA
HOMES, LLC, OF FLORIDA,

     Appellees.

_____

On appeal from the Circuit Court for Brevard County.
George T. Paulk, II, Judge.

Adam M. Bird, of WhiteBird, PLLC, Melbourne, for Appellants.

Allan P. Whitehead, of Frese, Whitehead, Anderson &
Henderson, P.A., Melbourne, for Appellee, IFP Development,
LLC.

Brian W. Bennett and Joseph L. Webster, of Bennett Legal
Group, P.A., Maitland, and Nicholas A. Shannin, of Shannin Law

Firm, P.A., Orlando, for Appellees, Richard J. Kern, P.E., and R.K. Engineering Associates of Brevard, Inc.

Paula J. Howell and Megan Costa DeLeon, of Akerman LLP, Orlando, for Appellees, Maronda Homes, LLC of Florida, Florida 635, LLC, and Island Forest Preserve HOA, Inc.

July 31, 2026

Soud, J.

Appellants Sean and Danielle Gleason, together with their company Gleason Landscaping, LLC, appeal the trial court's order granting the motion(s) to enforce settlement agreement filed below by Appellees IFP Development, LLC, Richard J. Kern, P.E., and R.K. Engineering and Associates of Brevard, Inc. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We affirm.

I.

The Gleasons own 22 acres of property in Merritt Island, Florida, on which they live and operate their nursery, Gleason Landscaping. Abutting their property on the west is a 100-plus acre property that IFP Development acquired to develop a residential community. To that end, IFP Development engaged Kern and R.K. Engineering for necessary engineering services.

Pertinent here, the Gleasons filed suit against Appellees. The thrust of the Gleasons' claims in their amended complaint—which included Appellees Florida 635, LLC, Island Forest Preserve HOA, Inc., and Maronda Homes, LLC of Florida[1]—was that the

---

[1] Florida 635, Island Forest Preserve HOA, and Maronda Homes are each alleged to be successors in interest to IFP Development as each had purchased certain subdivided lots from IFP Development and were then-current owners of parts of the property that caused or contributed to ongoing damages suffered by the Gleasons.

2

defendants caused damage to their property in numerous ways while working on the development.[2]

Ultimately, the parties entered into a settlement agreement. In broad terms, the agreement contemplated the Gleasons would dismiss their suit in exchange for three things. First, IFP Development would pay the Gleasons $200,000 upon execution of the settlement agreement. Second, the Gleasons would be granted a non-exclusive easement, over and through the road rights-of-way located on identified IFP Development property. Finally, IFP Development would enter into a purchase and sale agreement to purchase a six-acre parcel of land lying on the north end of the Gleasons' property where the Gleasons maintained a home. The sale was to occur "in accordance with the terms and conditions of the Purchase and Sale Agreement for the [six] Acres."

The purchase and sale agreement for the six acres provided IFP Development a due diligence period, and if IFP Development determined the six acres was unsuitable for its purposes, it could terminate the purchase agreement. In that event, the settlement agreement provided, the Gleasons would "retain the [easement] should the Purchase and Sale of the Six Acres . . . not be consummated or otherwise completed in accordance with the terms and conditions contained herein."

IFP Development deemed the six acres unsuitable and terminated the purchase and sale agreement. When the Gleasons then refused to dismiss their case, the defendants below sought enforcement of the settlement agreement. While the Gleasons did not, and do not, contend that IFP Development breached the purchase agreement for the six-acre parcel, they argued they were justified in their refusal because IFP Development's permitted termination of the purchase agreement constituted a failure of consideration for the settlement agreement.

Following a hearing, the trial court concluded that there was adequate consideration supporting the settlement agreement, including the $200,000 paid to the Gleasons and the easement on

---

[2] IFP Development, Kern, and R.K. Engineering were each dismissed from this appeal by joint stipulation of the parties.

the IFP property that they retained. As a result, the trial judge granted the motion(s) to enforce settlement agreement, dismissed the case with prejudice, and granted defendants their attorneys' fees while reserving jurisdiction to determine the amount.

This appeal followed.

## II.

As the order enforcing the settlement agreement was a matter of contractual interpretation, our review is de novo. *See Dozier v. Scruggs*, 380 So. 3d 505, 508 (Fla. 5th DCA 2024).

Of course, settlement agreements have long been "highly favored" in law, *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985), because they conserve limited taxpayer resources invested in the judicial branch of their government, *see Dozier*, 380 So. 3d at 508. "Further, settlement allows the parties to steward their own affairs—that is, to broker for themselves an acceptable outcome rather than invite into their lives the unwelcome involvement of the machinery of government and the risk of an adverse determination at trial." *Id.* at 508–09. As a result, settlement agreements will be enforced "whenever possible." *Robbie*, 469 So. 2d at 1385.

Generally, settlement agreements are governed by Florida contract law and the "rules for interpreting contracts." *C & F Berry Farms, LLC v. Chandler*, 388 So. 3d 1186, 1187 (Fla. 5th DCA 2024) (quoting *Dozier*, 380 So. 3d at 508). Consistent therewith, when interpreting a settlement agreement, we start with the plain language employed by the parties, and absent ambiguity, that plain language controls. *See Montalvo v. Deutsche Bank Nat'l Tr. Co.*, 342 So. 3d 764, 766 (Fla. 3d DCA 2022). In determining the rights of contracting parties, Florida courts do not read only one portion or provision of the document; rather we interpret the document as a whole and give reasonable effect and meaning to all provisions. *See Super Cars of Miami, LLC v. Webster*, 300 So. 3d 752, 755 (Fla. 3d DCA 2020).

Here, the Gleasons argue, as they did below, that their release and dismissal of the lawsuit was expressly based on IFP Development's agreement to purchase the six-acre portion of the

4

Gleason property identified in the Settlement Agreement. And when IFP Development terminated the purchase agreement for that property, it chose not to "pay for the [Gleasons'] relinquishment of those rights." As a result, given this asserted failure of consideration, the Gleasons were not required to dismiss their case.

We agree with the trial court that this argument ignores the other consideration paid by Appellees—and accepted by the Gleasons. In accordance with the express terms of the settlement agreement, the Gleasons were paid $200,000 upon execution of the agreement and granted a non-exclusive easement on certain of the IFP Development land.

It is true that the settlement agreement also called for IFP Development to purchase the six disputed acres. But that transaction was to occur "in accordance with the terms and conditions of the Purchase and Sale Agreement" contemplated in the settlement documents. That purchase agreement itself expressly allowed IFP Development to terminate the agreement if, after its due diligence, IFP Development determined that the property was unsuitable for its purposes. And, as permitted by the purchase agreement, that is precisely what transpired.

The Gleasons concede that IFP Development did not breach the settlement agreement by terminating the purchase of the six acres. Rather, they insist that when IFP Development chose not to close, there was a failure of consideration for the settlement agreement. Yet, the settlement agreement itself belies this argument, as it contemplated this very occurrence. In settling their dispute, the parties expressly provided that the Gleasons would "retain the [easement] should the Purchase and Sale of the Six Acres . . . not be consummated or otherwise completed in accordance with the terms and conditions contained herein." Given this clear and unambiguous language in the settlement agreement, it cannot be reasonably understood that the terms of the entire agreement and, ultimately, the Gleasons' dismissal of the case, was dependent upon the consideration that IFP Development would complete the purchase of the six acres described.

### III.

As a result, the trial court's order enforcing the settlement agreement is AFFIRMED.

It is so ordered.

MAKAR and KILBANE, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____